UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-24236-Lenard/Goodman

MARVIN ANTONIO IRIAS,

    Plaintiff,

vs.

BUILDING UNLIMITED, INC, a Florida
Corporation, and MARTIN CURI, individually,

    Defendants.
_____/

## BUILDING UNLIMITED, INC'S ANSWER AND AFFIRMATIVE DEFENSES

Building Unlimited, Inc. ("Building Unlimited") and Martin Curi ("Curi") (collectively, the "Defendants"), hereby file their Answer and Affirmative Defenses to the Complaint [D.E. No. 1] and Statement of Claim [D.E. 9] filed by Marvin Antonio Irias ("Plaintiff"), and in support thereof state as follows:

    1.    Admitted that Plaintiff purports to bring this action under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-216 (the "FLSA"); otherwise, denied.

    2.    Without knowledge; therefore, denied.

    3.    Admitted that Building Unlimited is a corporation that regularly transacts business within Miami-Dade County. Admitted that Plaintiff performed services for Building Unlimited but deny that Building Unlimited was Plaintiff's FLSA employer.

    4.    Admitted that Curi is an officer of Building Unlimited and that Curi managed the day-to-day operations of Building Unlimited, including hiring and firing employees, determining work schedules of employees, setting rates of pay of employees, and controlling finances and operations; otherwise, denied.

5. Admitted that Curi was involved in the managerial and/or financial affairs of Building Unlimited, but deny any violation of the FLSA or other wage laws occurred.

6. Admitted that Defendants are within the personal jurisdiction and venue of this Court; otherwise, denied.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATION

7. Admitted that Plaintiff has brought an action under the laws of the United States; otherwise, denied.

8. Admitted that Defendants are within the personal jurisdiction and venue of this Court; otherwise, denied.

9. The provisions of the FLSA speak for themselves. To the extent that Plaintiff's Complaint misquotes or misstates the FLSA, the allegations are denied.

10. Admitted that Plaintiff performed services for Building Unlimited from April 6 through August 14, 2015, but deny that Defendants were Plaintiff's FLSA employer.

11. Denied that Building Unlimited's business activities involve those to which the FLSA applies. Denied that Building Unlimited's business and Plaintiff's work affected interstate commerce for the relevant time period. Defendants deny the remaining allegations contained in paragraph 11.

12. Admit that Building Unlimited regularly employed two or more employees during the relevant time period; otherwise, denied.

13. Admitted.

14. Without knowledge; therefore, denied.

15. Denied.

16. Denied.

CASE NO.: 15-CV-24236-Lenard/Goodman

WHEREFORE, Building Unlimited, Inc. and Martin Curi demand judgment against Marvin Antonio Irias, that Mr. Irias take nothing on his claims, that Defendants be awarded their attorney's fees and costs associated with the defense of this action, and for such other and further relief that this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. § 259 because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and in reliance upon administrative regulations, orders, rulings, approvals, interpretations and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### Second Affirmative Defense

Defendants properly paid Plaintiff, for all wages owed; therefore, Plaintiff is not entitled to the unpaid wages claimed in this action.

### Third Affirmative Defense

Plaintiff's claims for liquidated damages are barred because Defendants did not willfully violate and, in fact, acted in good faith regarding the requirements of the FLSA.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the legal doctrine of estoppel if Plaintiff represented he worked the hours upon which he was paid and Defendants reasonably relied on Plaintiff's representation to their detriment.

CASE NO.: 15-CV-24236-Lenard/Goodman

### Fifth Affirmative Defense

Prejudgment interest is not recoverable under the FLSA when liquidated damages are sought and awarded

### Sixth Affirmative Defense

Plaintiff has failed to state a claim against Defendants as Plaintiff did not, at some or all material times, work a forty hour week for Defendants.

### Seventh Affirmative Defense

Any overtime allegedly worked by Plaintiff was unauthorized or not known by Defendants and is, thus, not compensable time worked within the meaning of the FLSA.

### Eighth Affirmative Defense

Defendants are entitled to a set-off for any payments made to Plaintiff as a result of any inaccurate, duplicative or fraudulent timekeeping practices of Plaintiff.

### Ninth Affirmative Defense

Plaintiff's claim is barred in whole or in part as Plaintiff was paid $10.00 per hour and was never paid nor was he ever hired at $13.64 per hour.

### RESERVATION OF DEFENSES

Defendants reserve the right to assert additional affirmative defenses, as discovery in this case is ongoing.

**TAYLOR ESPINO VEGA & TOURON, P.A.**

CASE NO.: 15-CV-24236-Lenard/Goodman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above was electronically filed with the Clerk of the Court by using the CM/ECF System which will send a Notice of Electronic Filing all those on the attached Service List on this **12th** day of **January, 2016**.

Respectfully submitted,

TAYLOR ESPINO VEGA & TOURON, P.A.
*Attorneys for Defendants*
2555 Ponce de Leon Boulevard, Suite 220
Coral Gables, Florida  33134
Phone: (305) 443-2043
Fax:     (305) 443-2048

By:   **/s/ DANIEL R. VEGA**
          DANIEL R. VEGA
          Florida Bar No. 148120
          Email: dvega@tevtlaw.com
                    earabitg@tevtlaw.com
                    tevtservice@gmail.com

## SERVICE LIST

| **J.H. Zidell, Esq.** | **Elizabeth Hueber, Esq.** |
|---|---|
| J.H. Zidell, P.A. | J.H. Zidell, P.A. |
| 300 71st Street, Suite 605 | 300 71st Street, Suite 605 |
| Miami Beach, Florida  33141 | Miami Beach, Florida  33141 |
| Tel.: (305) 865-6766 | Tel.: (305) 865-6766 |
| Fax: (305) 865-7167 | Fax: (305) 865-7167 |
| Email:  zabogado@aol.com | Email:  eohueber@gmail.com |

TAYLOR ESPINO VEGA & TOURON, P.A.